# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John J. FARLEY, Attorney at Law.

Supreme Court

*No. 90-2216-D. Filed September 12, 1991.*

(Also reported in 474 N.W.2d 102.)

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

We review the recommendation of the referee that John J. Farley be prohibited for a period of one year from applying for reinstatement of his license to practice law, which currently remains suspended as discipline for professional misconduct. The recommendation is in response to Mr. Farley's having engaged in professional misconduct by continuing to practice law while his license to do so is suspended and for having neglected a

client's bankruptcy matter for which he was retained prior to the license suspension.

As stated, the referee's recommendation would be appropriate if this were a proceeding in which Mr. Farley sought the reinstatement of his license. However, because this is a disciplinary proceeding in which an attorney has been found to have engaged in professional misconduct, the referee is to recommend a sanction for that misconduct. Accordingly, we deem the referee's recommendation to be a one-year license suspension and accept it.

Mr. Farley's continuing to provide legal representation to members of the public when prohibited from doing so by order of this court is serious misconduct not only because it violates this court's order but also because it puts at risk those persons for whom he has undertaken to perform legal services and who rely on him to protect their rights and pursue their interests. A one-year license suspension is appropriate discipline for that misconduct.

Mr. Farley was licensed to practice law in Wisconsin in 1956 and practiced in Milwaukee. In 1983 the court suspended his license for six months as discipline for professional misconduct consisting of making two court appearances on behalf of clients while his license to practice law was suspended for nonpayment of State Bar dues. *Disciplinary Proceedings Against Farley,* 115 Wis. 2d 690, 340 N.W.2d 555. The referee in this proceeding is the Honorable John A. Fiorenza, reserve judge.

When the court suspended his license in 1983, it ordered Mr. Farley to pay the costs of that disciplinary proceeding, specifying that in the event of his failure to do so, his license would be revoked forthwith. Mr. Farley never paid the costs of that proceeding and, consequently, the referee in this proceeding concluded that his

license to practice law had been revoked. As a result, the referee's disciplinary recommendation was expressed as a period of time during which Mr. Farley be prohibited from applying for reinstatement of his license.

The referee noted in his report that Mr. Farley claimed he has been unable to pay the $1,028 costs of the 1983 disciplinary proceeding. Mr. Farley never made that assertion to the court following his license suspension nor, to the court's knowledge, has he made it to the Board of Attorneys Professional Responsibility. For the past several years, when the court issues an order disciplining an attorney for misconduct, it routinely makes provision for the attorney to pay the costs of the proceeding within a specified time, explicitly providing that if the costs are not paid within that time, absent a showing by the attorney of an inability to do so, the attorney's license remains suspended until further order of the court. However, the court's order in the 1983 proceeding did not include that explicit provision.

Regarding the professional misconduct determined in this proceeding, the referee found that Attorney Farley neglected a client's bankruptcy matter, in violation of former SCR 20.32(3).[1] This was a matter for which Attorney Farley was retained prior to his license suspension in 1983.

Following the 1983 license suspension, Mr. Farley engaged in the practice of law in the following matters. In August, 1984 he represented a man in a dispute with a garage repair person, for which he received a fee of $75.

---

[1]SCR 20.32 provided: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

The corresponding provision of the Rules of Professional Conduct for Attorneys is SCR 20:1.3, which provides: "**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client."

In 1985 he represented a woman in a child abuse matter, for which he received $969 in fees and costs. In 1985, he represented a man in a property damage matter in which he obtained a settlement and was paid a fee of $200. Since September, 1989, Mr. Farley has worked for an attorney in the capacity of law clerk or legal assistant and engaged in activities customarily done by law students, law clerks or other paralegal personnel, which a person whose license to practice law is suspended is prohibited from doing by SCR 22.26(2).[2]

We adopt the referee's findings of fact and conclusions of law and accept the recommendation for discipline. Mr. Farley's continuing to practice law following the court's suspension of his license is the same professional misconduct for which the license suspension had been imposed. His continued refusal to comply with the very basic rule prohibiting a person from practicing law without being licensed to do so, together with his other professional misconduct, warrants the suspension of his license for one year.

IT IS ORDERED that the license of John J. Farley to practice law in Wisconsin remains suspended for a period of one year, commencing the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order John J. Farley pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding and the costs of the 1983 pro-

---

[2]SCR 22.26 provides:

**Activities on revocation or suspension of license.**

. . .

(2) A suspended or disbarred attorney may not engage in the practice of law or in any law work activity customarily done by law students, law clerks or other paralegal personnel, except that he or she may engage in law related work for a commercial employer not itself engaged in the practice of law.

ceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of John J. Farley to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that John J. Farley comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.